Good morning. May it please the Court, my name is Vincent Loxamana and I'm here on behalf of my client, Delson Sam, Delson Francis Sam. Mr. Sam was convicted in Tucson, Arizona District Court for an aggravated assault on two officers of the United States Border Patrol. It occurred north of Sells on that lonely stretch of highway that goes from Sells up to Casa Grande. Could you talk a little louder? I'm having trouble hearing you. I apologize. Is this better? Thanks. Typically, I don't need a mic and when I get one, I sort of back off on the amplitude. But as I was saying, this occurred on the reservation, the Tohono Reservation, on the road that goes from Sells to Casa Grande. My client's car prevented two agents who were in the same vehicle from chasing a lead vehicle. Once my client's vehicle impeded their progress, they no longer attempted to find the lead vehicle, but they focused their attention on him. He was convicted of aggravated assault. He was sentenced to 41 months and the reason we're appealing is that I believe that impermissible double-counting occurred in the fact that he was convicted of an aggravated assault. The normal guidelines for an assault are six. An aggravated assault makes it a level 15. It was bumped up from 15 to four, which I believe is the impermissible double-counting because the assault guidelines under 2A.2.2 already take into account the effect of an assault changing from a simple assault to an aggravated assault. The single use of the car to change it or to attempt to change it from an assault. I thought your problem with double-counting was that you can commit an aggravated assault without the use of a dangerous instrument. So under our double-counting rules, since you can commit that without one, it's not double-counting. My reading is that because it was involving a weapon, it did change it from an aggravated assault and the use of the car was counted twice in the application of the guidelines. That's our position. Yes, assaults can occur without weapons, but I believe the way the guideline is written, the assault with the use of the weapon does take into account the fact that a weapon was present. In this case, it was the car. The car was double-counted to take it from six to 15 and then bump it up another four levels. That's the entire point of this argument. I know that this Court has Reese and Hudson. How do you handle Reese? How do I handle Reese is that I focus on the element of the actual harm, the resultant harm. I think in Hudson, there was actual intent to try and run over the agents. In Reese, I think it's the physical, serious bodily injury that's the element that is lacking and factually distinct in our case. There was no harm. Getting back to that issue of harm, I think the impermissible double-counting applies not only in the argument that it's double-counting to change the aggravated assault and get an additional four levels from the court, but I also think that occurs in the grouping because there's two agents in the car. It's one transaction that occurs simultaneously as to both agents. It's not a separation of two cars, two agents. And I think the analogy that I used in my brief was what if there was a bus with 50 agents that my car floated in front that my client's car floated in front of and impeded their progress and therefore constituted the assault? It wouldn't be a grouping for 50. That would be illogical because it's illogical for 50. I think it's illogical. Why is it illogical for 50? Suppose you ran a bus off the road and killed 50 people. I would think that the victim's families would be really upset if it was treated just the same as killing one person. In the context of this particular incident, I think that the grouping that bumps it up an additional two levels for two agents in the same car. I understand the Court's point that when it's 50 individuals, it makes it a more serious crime or a more serious harm if there is resultant harm. In this case, there is no resultant harm. So what I'm getting at there is I think the idea of grouping was to protect defendants against prosecutors needlessly separating and stacking charges just in order to manipulate the guidelines. I think that's correct, Your Honor, and I agree with that analysis. But you don't have the same problem where you have multiple victims. And the distinction is that they're all in the same vehicle at the same time. I think that's the distinction. I think one of the cases I cited was Calusa, and that was a number of sequential victims. But in this case, it's like a compartmentalized capsule. The two agents are in the same vehicle. It occurs at the same point in time. Yeah, but 3D1.2 says that counts only involve the same harm when they involve the same victim. They may have been in the same car, but there are two of them. I understand that, but it's not a separate harm as to... It's separate because there's two individuals, but it's not a separate harm as to the incident. How do you deal with 3D1.2? My point would be that because it's one transaction as to two individuals, it's not a separate harm. It's only separate because there's two individuals in the car. Airplane into the World Trade Towers, you only got one harm. I think that's a more severe case when you have actual resultant harm. That would be the distinction, just to focus on the actual resultant harm, the lack of bodily injury. We should agree with the government on the enhancement that the court thought it had no authority to impose. It has to go back for resentencing. What kind of resentencing? Well, that actually was the subject of the April 3rd letter, the 28-J letter. One of the things the government did is filed a cross-appeal. Subsequent to the time that I filed my brief, Booker came out. Blake, Ameline, and Booker came out. And then a few other decisions from this court, notably Hajiji, that stated that in this case, in all likelihood, it's probably going back to the district court for a resentencing. Our position would be that taking into account the things that have happened in this court and from the United States Supreme Court as to Booker, Blakely, Ameline issues, 3553 factors are going to come into play. I don't know if we get a better shot if the judge takes into consideration the advisory statute, the advisory status of the guidelines and allow me to cite more thoroughly and more comprehensively the 3553 factors. But before you even get to that, the important analysis is, are we starting with the correct guidelines? And that's, you know, that's the reason I'm here still arguing or still maintaining that there was double counting that was impermissible and incorrect application of the grouping. So you want us to rule in your favor, send it back with those handcuffs on the trial court, but let the resentencing continue? Well, that would be a best possible scenario for my client. But I understand I don't get to pick and choose. And it may be that this ends up being just like Booker and it's a calculated risk. My client may be looking at more time. But I think ---- I don't see how you can avoid the ---- having it go back worse. It looks to me as though the judge did not impose the official victim enhancement because he thought he couldn't under Blakely. That's correct, Your Honor. And then it became quite clear under Booker that he could. I don't really understand what answer there can be to the government's cross-appeal on that. The factors under 3553 that make the guidelines advisory allow the court to take into consideration all the facts about my client's life. And previously, he didn't take into consideration, and this would be a discretionary part of his sentence, the fact that my client suffers from mental illness. I think when all those factors ---- The judge would use the advisory guidelines, impose the official victim enhancement, but then he wouldn't be as limited in his ability to give a lower sentence because of the advisory status. The lower sentence or the same sentence based upon discretion and the advisory status of the guidelines. Yes, Your Honor. That would be our hope. Okay. We've got a minute left if you want to respond. Could I save that minute? Yes, you may. Thank you. Good morning. May it please the Court. I'm Beverly Anderson from the District of Arizona here on behalf of the United States. The district court properly added four levels to the base offense based on the use of the dangerous instrument. Second of all, the district court also properly combined the two assault counts. However, this Court should decline to review the district court's discretionary refusal to depart downward for the mental illness that was raised at the time of the sentencing. And finally, this Court should also remand the case for a resentencing before the district court. Do you mean a full resentencing, throw out everything that happened before, start all over again? I believe so, Your Honor. The four-level enhancement was not impermissible double counting because it takes into consideration two different harms that occurred. According to the sentencing guidelines, Section 282.2, aggravated assault is defined as a felonious assault that involved a dangerous instrument with the intent to cause bodily injury. In such a case, the sentencing guidelines are very clear, and also United States v. Reese is very clear that in such a case, the base offense level and the weapon enhancement in B-2 take into account different aspects of the offense, even if the application of the base offense level and the weapon enhancement is based on the same conduct. It's a little abstract for me. Could you put that concretely? Sure. Just show me as a practical, concrete matter why it's not double counting. Because you've got the assault statute, and the assault statute is raised to aggravated assault because a weapon was involved in it. That's what I mean about being too abstract. Why say weapon when you mean car? Car, absolutely. Or was it a pickup truck? Sure. I think the defendant was using his pickup truck to try to run the agent's car off the road, right? That's correct. That's correct. So he's using the pickup truck to try to run the agent's car off the road, and that's aggravated assault because he can kill somebody or seriously injure them by running them off the road with a pickup truck. Correct. There was no injury in this case. There would be a way to show it's aggravated assault without that by even if he was trying to run them off the road or even if he wasn't trying to run them off the road, he just had a bicycle and he was weaving back and forth across the road so that they wouldn't catch the car ahead of him. That would be aggravated assault because it was trying to facilitate the crime of the car that he was blocking. He's kind of like a right guard on the line in football protecting the quarterback. But this isn't that case. He's using the pickup to try to run a car off the road. Correct. Now, what is the other harm that's distinct from that? The other harm is that there was an intent to use or to inflict serious physical injury, and so we've got the use of the weapon, the motor vehicle, which elevated it from the... In what way is that different from using his pickup to try to run a car off the road? It's different because there was an intent to inflict the serious bodily injury based on the circumstances and the facts of the case. And the sentencing guidelines clearly state that this is not impermissible double counting. They use this situation in the sentencing guidelines directly on point. Not only that, but in United States v. Reese, this Court rejected the arguments that were set forth in U.S. v. Hudson, which the defense counsel relies upon in support of their notion that it is double counting. The second issue pertains to the assault counts, and as this as you all have properly pointed out to defense counsel, we've got two separate victims in this case who just happen to be in the same car. However, it is two separate assault counts, and it should not be considered merely just one assault because there were two separate victims. And because of this fact, they are not grouped under 3D1.2. They're combined pursuant to 3D1.4. Additionally, this Court lacks jurisdiction to review the district court's refusal to grant a downward departure for the mental illness that was raised at the time of sentencing by the defense attorney. The Court declined to --- within its discretion, the Court declined to depart downward based on what it believed to not be any kind of mental illnesses that justified a departure, and this Court lacks the jurisdiction to review that because it is a discretionary matter. No, but I do believe that that has survived post-Booker. How could it survive if we're supposed to review sentences for reasonableness? How can we wall off part of the sentence and say, we're not going to discuss that, we're not going to consider that, nonetheless, we're going to decide whether the whole sentence was reasonable? It's not a rhetorical question. I don't understand how you can ignore part of it and then supposed to determine whether the whole thing is reasonable. I believe that there has been a recent case from this circuit that says that it does survive Booker, and I apologize. I don't have that at hand. But I believe that has been decided by this Court. Finally, it's the government's position that the district court erroneously concluded that it lacked the authority to impose a guideline enhancement for the official victim without a jury finding. And granted, this was at a time when there was a change in the law, and the Court believed that given that the Court did the appropriate thing based on the state of the law at the time, however, now, post-Booker and post-Mix, which is a recent case which this Court has recently decided, the court, the district court did not properly calculate the guideline base offense level, and the district court could impose that official victim enhancement based on its own findings of fact. It did not need a jury finding of fact in order to make that enhancement at the time of sentencing. Unless the --" unless you all have any questions for me, I'll submit the matter on my brief. Thank you. Thank you. I think the great thing about this case is that it proves that the law is a living and dynamic and flexible organism because there's just so much that's going on in the background here. But I think the Court is correct in focusing on the fact that the weapon is the car. It's double counted. And our position would be that it should be, in light of the recent decisions, a limited MLN review, not a full MLN review, as to my client. Thank you. Okay. Thank you. Case just argued is submitted for decision. We'll hear the next case, which is, well, the next case, Tuttle v. Caples, has been ordered off the calendar. Next case, Moore v. Stewart, is submitted on the briefs. And so we'll hear the next case for argument, which is Smith v. Adams.
judges: Schroeder, Trott, Kleinfeld